**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:20-cv-22901-GAYLES**

**SECURITIES AND EXCHANGE COMMISSION,**

        **Plaintiff,**

**v.**

**THUNDERBIRD POWER CORP.,**
**RICHARD HINDS, ANTHONY GOLDSTEIN,**
**and JOHN ALEXANDER VAN AREM,**

        **Defendants.**

_____/

## FINAL JUDGMENT AGAINST DEFENDANT JOHN ALEXANDER VAN AREM

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's Unopposed Motion for Final Judgment Against Defendant John Alexander van Arem ("Motion") [ECF No. 41]. By the Consent of Defendant John Alexander van Arem to Final Judgment ("Consent") attached hereto, without admitting or denying the allegations of the Complaint (except that van Arem admits the jurisdiction of this Court over him and over the subject matter of this action and as otherwise set forth in Section VI below), van Arem has waived service of a summons and the Complaint, entered a general appearance, consented to entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. The Court finds that good cause exists for entry of the Final Judgment.  Accordingly, the Commission's Motion is **GRANTED**.  The Court further orders as follows:

# I.

## PERMANENT INJUNCTIVE RELIEF

### A.  Section 5 of the Securities Act of 1933 ("Securities Act")

**IT IS ORDERED AND ADJUDGED** that van Arem is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)  Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual

notice of this Judgment by personal service or otherwise: (a) van Arem's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with van Arem or with anyone described in (a).

### B.  Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act")

**IT IS FURTHER ORDERED AND ADJUDGED** that van Arem is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) van Arem's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with van Arem or with anyone described in (a).

### C.  Aiding and Abetting Violations of Section 17(a)(1) and (3) of the Securities Act

**IT IS FURTHER ORDERED AND ADJUDGED** that van Arem is permanently restrained and enjoined from violating Section 17(a)(1) and (3) of the Securities Act [(15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)      to employ any device, scheme, or artifice to defraud; or

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

with respect to:

    (A) any investment strategy or investment in securities;

    (B) the prospects for success of any product or company;

    (C) the use of investor funds or proceeds; or

    (D) statements about the business operations or the products of any company.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) van Arem's officers, agents, servants, employees, and attorneys; and (b) other persons in active or participation with van Arem or with anyone described in (a).

### D.  Aiding and Abetting Violations of Section 10(b) and Rule 10b-5(a) and (c) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that van Arem is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud; or

    (b)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

with respect to:

    (A) any investment strategy or investment in securities;

(B) the prospects for success of any product or company;

(C) the use of investor funds or proceeds; or

(D) statements about the business operations or the products of any company.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) van Arem's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with van Arem or with anyone described in (a).

## II.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that van Arem is liable to the Commission for $103,765 in disgorgement, representing net profits gained as a result of the conduct alleged in the Complaint, prejudgment interest on disgorgement of $9,133, and a civil penalty of $50,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Van Arem shall pay the total of $162,898 to the Commission in five installments to the Commission according to the following schedule: (1) $35,000 escrowed with his attorney within 30 days entry of this Final Judgment (which payment shall be credited to the civil penalty); (2) $31,974.50 within three months of entry of this Final Judgment (which the first $15,000 shall be credited to the remainder of the civil penalty and the rest to post-judgment interest, disgorgement, and prejudgment interest); (3) $31,974.50 within six months of entry of this Final Judgment; (4) $31,974.50 within nine months of entry of this Final Judgment; and (5) $31,974.50 within one year of entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and, except as set forth above, shall be applied first to post judgment interest,

which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, van Arem shall contact the staff of the Commission for the amount due for the final payment.

If van Arem fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.  The Commission may then enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time.  The Commission may also then enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.

Van Arem may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at https://pay.gov/public/form/start/39621196.  Van Arem may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> HQ Bldg. Room 265, AMK-326
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying: the case title, civil action number, and name of this Court; van Arem as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Van Arem shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami, FL 33131. By making any payment, Van Arem relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.

The Commission shall hold the funds, together with any interest and income earned thereon (the "Funds"), pending further order of the Court. The Commission may propose a plan to distribute the Funds subject to the Court's approval. Such a plan may provide that the Funds shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Funds and the Funds may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Van Arem shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of van Arem's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, van Arem shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the

Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against van Arem by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.

### PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that van Arem is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

### IV.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and van Arem shall comply with all of the undertakings and agreements set forth therein.

### V.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and over van Arem in order to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or

motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances.

## VI.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code [11 U.S.C. § 523], the allegations in the Complaint are true and admitted by van Arem, and further, any debt for a civil penalty or other amounts due by van Arem under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by van Arem of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. § 523(a)(19)].

## VII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of March, 201.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE