UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-22901-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

       **Plaintiff,**

v.

THUNDERBIRD POWER CORP.,
RICHARD HINDS, ANTHONY GOLDSTEIN,
and JOHN ALEXANDER VAN AREM,

       **Defendants.**
_____/

**DEFAULT JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF
AGAINST DEFENDANT THUNDERBIRD POWER CORP.**

       This cause comes before the Court upon Plaintiff Securities and Exchange Commission's Motion for Default Judgment of Permanent Injunction and Other Relief Against Defendant Thunderbird Power Corp. (the "Motion") [ECF No. 81]. The Court has considered the Motion and the record and is otherwise fully advised. As set forth below, the Motion shall be granted.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

       1.      This Court has personal jurisdiction over Thunderbird and the subject matter of this action. Venue is proper in the Southern District of Florida.

       2.      Thunderbird waived service of the Summons and Complaint and filed its Answer and Affirmative Defenses on October 5, 2020 [ECF No. 21], an Amended Answer and Affirmative Defenses on October 29, 2020 [ECF No. 26], and a Second Amended Answer on April 8, 2021 [ECF No. 50].

       3.      Discovery ensued, but in May 2021, Thunderbird's counsel moved to withdraw, stating his client had terminated him because of a conflict of interest and could not pay its bills

[ECF No. 58]. The Court referred the Motion to the Magistrate Judge [ECF No. 64].

4. After briefing, the Magistrate Judge granted the motion to withdraw on June 21, 2021 [ECF No. 71]. In the Order, the Magistrate Judge gave Thunderbird 20 days to find new counsel, and warned of the consequences if no new counsel appeared:

> Thunderbird has 20 days from the date of this Order to have new counsel enter an appearance on its behalf. As a corporation, Thunderbird is an artificial entity that can only act though agents; it cannot appear pro se and must be represented by counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). Failure to have new counsel appear by the prescribed date may subject Thunderbird to the entry of default.

*Id.* at 1-2.

5. The 20 days ran on Monday, July 12, 2021, and no new counsel appeared. The Commission filed a motion asking the Court to direct the Clerk to enter a default against Thunderbird [ECF No. 72]. The Court granted the motion [ECF No. 73], and on July 16, 2021, the Clerk entered the default [ECF No. 75].

6. By virtue of its default and failure to appear and otherwise defend following the Magistrate Judge's withdrawal order, Thunderbird is deemed to have admitted the allegations of the Complaint pertaining to liability. *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002).

Accordingly, it is **ORDERED AND ADJUDGED** that the Commission's Motion for Default Judgment of Permanent Injunction and Other Relief Against Defendant Thunderbird Power Corp. is **GRANTED**. Judgment is entered against Thunderbird as follows.

## I.

## PERMANENT INJUNCTIVE RELIEF

### A. Section 5 of the Securities Act of 1933 ("Securities Act")

**IT IS ORDERED AND ADJUDGED** that Thunderbird is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly,

in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Thunderbird's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Thunderbird or with anyone described in (a).

### B.  Section 17(a) of the Securities Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Thunderbird is permanently

restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

with respect to:

(A) any investment strategy or investment in securities;

(B) the prospects for success of any product or company;

(C) the use of investor funds or proceeds; or

(D) statements about the business operations or the products of any company.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Thunderbird's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Thunderbird or with anyone described in (a).

**C. Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act")**

**IT IS FURTHER ORDERED AND ADJUDGED** that Thunderbird is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using

any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

with respect to:

(A) any investment strategy or investment in securities;

(B) the prospects for success of any product or company;

(C) the use of investor funds or proceeds; or

(D) statements about the business operations or the products of any company.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Thunderbird's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Thunderbird or with anyone described in (a).

### D.  Section 15(a)(1) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Thunderbird is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of

others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Thunderbird's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Thunderbird or with anyone described in (a).

## II.

### DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Thunderbird shall pay disgorgement of net profits, prejudgment interest on disgorgement, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement, prejudgment interest, and civil penalty upon motion of the Commission to be made within 90 days of the date of this Judgment.

## III.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and over Thunderbird in order to implement and carry out the terms of this Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances

## IV.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of July, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE