UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-22901-DPG

**SECURITIES AND EXCHANGE COMMISSION,**

      **Plaintiff,**

v.

**THUNDERBIRD POWER CORP.,
RICHARD HINDS, ANTHONY GOLDSTEIN,
and JOHN ALEXANDER VAN AREM,**

      **Defendants.**
_____/

## FINAL JUDGMENT AGAINST DEFENDANT RICHARD HINDS

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's Unopposed Motion for Final Judgment Against Defendant Richard Hinds ("Motion"). [ECF No. 110]. By the Consent of Defendant Richard Hinds to Final Judgment ("Consent") attached hereto, without admitting or denying the allegations of the Complaint (except that Hinds admits the jurisdiction of this Court over him and over the subject matter of this action and as otherwise set forth in Section V below), Hinds has waived service of a summons and the Complaint, entered a general appearance, consented to entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. The Court finds that good cause exists for entry of the Final Judgment. Accordingly, the Commission's Motion is **GRANTED**. The Court further orders as follows:

I.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that Hinds is liable for disgorgement of $261,028,

representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $24,394, for a total of $285,422.  Based on Hinds' sworn representations in his Statement of Financial Condition dated October 14, 2021, and other documents and information submitted to the Commission, however, the Court is not ordering Hinds to pay a civil penalty and payment of all but $250,000 of the disgorgement and pre-judgment interest thereon is waived.  The determination not to impose a civil penalty and to waive payment of all but $250,000 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Hinds' Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Hinds' representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Hinds, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Hinds was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Hinds to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery.  Hinds may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the

amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Hinds shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Hinds shall pay the total of $250,000 in disgorgement and prejudgment interest in 13 installments to the Commission according to the following schedule: (1) $40,000 (to be escrowed with his counsel) within seven days of entry of this Final Judgment; (2) $2,000 within one month of entry of the Final Judgment; (3) $2,000 every month thereafter through 11 months from entry of the Final Judgment; and (4) a final payment of $188,000 due within one year of entry of the Final Judgment or 30 days after the closing of the sale of Hinds' residence located at 18028 E. San Tan Boulevard, Queen Creek, Arizona, 85142, whichever event occurs earlier ("Final Payment").

Payments shall be deemed made on the date they are received by the Commission. If Hinds fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest on any unpaid amounts pursuant to 28 U.S.C. § 1961, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court. The Commission may then enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time.

Hinds may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Hinds may also pay by certified check, bank cashier's check, or United States postal money order

payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>HQ Bldg. Room 265, AMK-326
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this Court, and Richard Hinds as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Hinds shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami, FL 33131.  By making this payment, Hinds relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Hinds.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

To secure the Final Judgment, the Commission has the right to file a lien on the property located at 18028 E. San Tan Boulevard, Queen Creek, Arizona, 85142.  Hinds shall not take any action to obstruct the filing of the lien.  Further, if Hinds fails to make any of the payments set forth in the Final Judgment, the Commission has the right to enforce the lien through a sale of the

residence, out of which proceeds the Commission shall receive the amounts then due and owing on the Final Judgment.  If proceeds of the sale are not sufficient to satisfy the Final Judgment, the Commission will still hold a Final Judgment for the amounts that remain due and owing.  Hinds also shall not take any action prior to the Final Payment to transfer, sell, encumber, collateralize, or diminish the value of the residence other than to transfer, sell, encumber, or collateralize the residence for the sole purpose of satisfying Hinds' obligations to make the Final Payment.

## II.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and Hinds shall comply with all of the undertakings and agreements set forth therein.

## III.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and over Hinds in order to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances

## IV.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code [11 U.S.C. § 523], the allegations in the Complaint are true and admitted by Hinds, and further, any debt for a civil penalty or other amounts due by Hinds under this Final Judgment or any other judgment, order, consent

order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Hinds of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. § 523(a)(19)].

## V.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED in Chambers at Miami, Florida, this Thursday, January 20, 2022.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE