UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-22901-DPG

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

THUNDERBIRD POWER CORP.,
RICHARD HINDS, ANTHONY GOLDSTEIN,
and JOHN ALEXANDER VAN AREM,

    Defendants.
    _____/

## FINAL JUDGMENT AGAINST DEFENDANT THUNDERBIRD POWER CORP.

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's Motion for Default Final Judgment Against Defendant Thunderbird Power Corp. ("Thunderbird") (the "Motion"). [ECF No. 111]. The Court has considered the Motion and the record and is otherwise fully advised. Based thereon, the Court finds that good cause exists for entry of the Final Judgment. Accordingly, the Commission's Motion is **GRANTED**. The Court further finds and orders as follows:

**I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    1.    This Court has personal jurisdiction over Thunderbird and the subject matter of this action. Venue is proper in the Southern District of Florida.

    2.    Thunderbird waived service of the Summons and Complaint, and filed its Answer and Affirmative Defenses on October 5, 2020, [ECF No. 21], an Amended Answer and Affirmative Defenses on October 29, 2020, [ECF No. 26], and a Second Amended Answer on April 8, 2021. [ECF No. 50].

3. Discovery ensued, but in May 2021, Thunderbird's counsel moved to withdraw, stating his client had terminated him because of a conflict of interest and could not pay its bills. [ECF No 58]. The Court referred the Motion to the Magistrate Judge. [ECF No. 64].

4. After briefing, the Magistrate granted the motion to withdraw on June 21, 2021. [ECF No. 71]. In the Order, the Magistrate gave Thunderbird 20 days to find new counsel, and warned of the consequences if no new counsel appeared:

> Thunderbird has 20 days from the date of this Order to have new counsel enter an appearance on its behalf. As a corporation, Thunderbird is an artificial entity that can only act though agents; it cannot appear pro se and must be represented by counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). Failure to have new counsel appear by the prescribed date may subject Thunderbird to the entry of default.

ECF No. 71 at 1-2.

5. The 20 days expired on Monday, July 12, 2021, and no new counsel appeared. The Commission filed a motion asking the Court to direct the Clerk to enter a default against Thunderbird [ECF No. 72]. The Court granted the motion [ECF No. 73], and on July 16, 2021, the Clerk entered the default [ECF No. 75].

6. The Commission then filed a motion for a default judgment of permanent injunction and other relief on July 22, 2021. [ECF No. 81]. The Court granted the motion and entered a Default Judgment of Permanent Injunction and Other Relief against the Company six days later [ECF No. 82].

7. By virtue of its default and failure to appear and otherwise defend following the Magistrate's withdrawal order, Thunderbird is deemed to have admitted the allegations of the Complaint pertaining to liability. *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002).

II. **DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY**

**IT IS FURTHER ORDERED AND ADJUDGED** that Thunderbird is liable to the Commission for $1,037,243 in disgorgement, representing net profits gained as a result of the conduct alleged in the Complaint, prejudgment interest on disgorgement of $129,933, and a civil penalty of $500,000 pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)].

Thunderbird shall pay the total of $1,667,176 to the Commission within 30 days of entry of this Final Judgment. Thunderbird may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Thunderbird may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> HQ Bldg. Room 265, AMK-326
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this Court, and Thunderbird Power Corp. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Thunderbird shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami,

FL 33131.  By making this payment, Thunderbird relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Thunderbird.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.  The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Thunderbird shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Thunderbird shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Thunderbird's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of Thunderbird's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Thunderbird shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Thunderbird by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and over Thunderbird in order to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances

### IV.   RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of January, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE